UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD POST,
    Plaintiff,

**DEMAND FOR JURY TRIAL**

v.    Case No.

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff, Richard Post, through counsel, Credit Repair Lawyers of America, by Gary Nitzkin state the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

**PARTIES**

2. Plaintiff is a natural person residing in the City of Mechanicsville, Hanover County, Virginia.  Mr. Post is a "consumer" and "person" as the terms are

defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is EquityExperts.Org, LLC ("EquityExperts") which is a Michigan limited liability company that maintains a registered agent in Southfield, Oakland County, Michigan.

## VENUE

4. Venue is proper in the Eastern District of Michigan, Southern Division as the Defendant, Equity Experts, is a Michigan limited liability company with its principal place of business in Southfield, Michigan in Oakland County.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Kings Charter Owners Association, Inc. regarding homeowner's association dues in the amount of $1,821.34 (the alleged "Debt").

6. Around February 2017, Mr. Post was contacted by Defendant attempting to collect the alleged Debt. At that time, Plaintiff only owed approximately $430.57 and was two payments behind.

7. On or about February 1, 2017, Mr. Post received a letter from Defendant, which stated that he owed $700.57.

8. On or about April 12, 2017, Mr. Post received another letter from Defendant which stated that his balance inflated to $1,471.34. The letter also indicated that if Mr. Post did not pay the balance, or if he did not agree to an acceptable plan, there would be an additional $350.00 collection charge added to his balance.

9. On or about April 20, 2017, Mr. Post contacted Defendant. During this conversation, Mr. Post was told that he would have to pay $293.06 per month for the next eight (8) months. This amount would include a $100.00 charge to prevent the account from proceeding to the next level which would be an additional $350.00. This amount would be charged about every five (5) weeks until he agreed to a payment plan or paid it off in full. Mr. Post told them it was criminal to charge an additional $100.00 a month. Defendant replied, "It's better than the $350.00." Mr. Post then asked to speak to a supervisor and he was told all supervisors had left for the day. Mr. Post asked for a call back.

10. To date, no one has returned Mr. Post's phone calls regarding setting up payment arrangements to pay off the alleged Debt.

11. On or about May 2, 2017, Mr. Post received a statement from Defendant which showed that he allegedly owed $1,821.24. This Statement also showed the following excessive charges:

  a. A "FDCPA Compliance Assurance /Pre-Lien" fee was charged on 2/1/17 in the amount of $270.00;

  b. A "Principal Acceler" fee was charged on 3/13/17 in the amount of $609.30;

  c. A "Lien Recording and Discharge" fee was charged on 4/12/17 in the amount of $395.00; and

  d. An "Escalated Outreach Service" fee was charged on 4/28/17 in the amount of $350.00.

12. On or about May 2, 2017, Mr. Post received an attachment to the above statement wherein Defendant attached a Collection Activity and Costs Notice which showed the following excessive and future charges:

  a. FDCPA Compliance Assurance Package/Pre-Lien Notice   $270.00

  b. Notice of Intent to Record Lien Package   $395.00

  c. Lien Recording and Discharge Package   $395.00

  d. Escalated Outreach Service Package   (+ atty and filing fees) $350.00

  e. Post Outreach Lien Enforcement Package   $650.00

  f. Continuing Contact Package   ($75.00 per outbound contact) $75.00

4

      Final Enforcement Package which consist of filing

      suit or foreclosure.  (Michigan Only).        $2,995.00

13. Plaintiff has suffered damages, as a result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant violated this provision by misrepresenting the amount of the Debt by charging Plaintiff excessive fees and attempting to collect the Debt after Plaintiff paid the account;

    b. 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant violated this provision when it charged Plaintiff excessive fees and attempted to collect the Debt after Plaintiff paid the Debt;

    c. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision when it charged Plaintiff excessive fees and attempted to collect the Debt after Plaintiffs paid the Debt.

19. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Mr. Post is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision when it charged Plaintiff excessive fees and attempted to collect the Debt after Plaintiff paid the Debt;

    b. M.C.L. § 339.915(f)(ii) by misrepresenting the legal rights of the debtor in a communication with a debtor. Defendant violated this provision by sending Plaintiff a letter attempting to collect the Debt and charging Plaintiff more excessive fees after Plaintiff paid the Debt; and

    c. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

24. Mr. Post has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

28. Plaintiff is a "Consumers" as that term is defined at M.C.L. § 445.251.

29. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision when it charged Plaintiff excessive fees;

   b. M.C.L. § 445.252 (f)(ii) by misrepresenting the legal rights of the debtor in a communication to a debtor. Defendant violated this provision by sending Plaintiff a letter attempting to collect the Debt and charging Plaintiff more excessive fees after Plaintiff paid the Debt; and

   c. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

30. Mr. Post has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant them the following relief against the Defendant:

   a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 19, 2017        /s/ Gary D. Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com