## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

RICHARD POST,

      Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,

      Defendant.

Case No.: 2:17-cv-11613-DPH-APP
Hon. Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

### DEFENDANT'S MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(5)

Defendant EquityExperts.Org, LLC ("Defendant"), by and through its counsel, Brock & Scott, PLLC, and in support of its Motion to Quash, brought under Fed. R. Civ. P. 12(b)(5), states:

1.     Federal Rule of Civil Procedure 4 sets forth the rules for service of process on a limited liability company (LLC) in subsection (h).

2.     Rule 4(h) provides that service may be accomplished "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(h)(1)(A).

3.     Alternatively, service can be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

4.      As set forth more fully in Defendant's supporting brief, Plaintiff has not effectuated proper service on Defendant in accordance with Fed. R. Civ. Proc. 4 (h)(1)(A) or (B).

WHEREFORE, Defendant respectfully requests that this Court enter an order quashing service of process as to Defendant, striking from the record the Amended Certificate of Service filed by Plaintiff (Doc. 7); and holding any purported responsive pleading deadline in abeyance until further order of the Court.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**BROCK & SCOTT, PLLC**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: September 21, 2017          charity.olson@brockandscott.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

RICHARD POST,

      Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,

      Defendant.

Case No.: 2:17-cv-11613-DPH-APP
Hon. Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(5)

## FACTS AND BACKGROUND

On June 5, 2017, Plaintiff filed a return of service with the Court which falsely averred that Plaintiff had effectuated service of the summons and complaint on EquityExperts.Org, LLC's resident agent, Michael Novak, by certified mail (Doc. 3). Undersigned counsel subsequently advised Plaintiff's counsel, Carl Schwartz, that the name and signature of set forth on the return card – Teresa Brown –did not belong to an employee of the company nor was she authorized to accept service of process on behalf of the company. Defense counsel declined Plaintiff's request to accept service of process on behalf of Defendant as she had no authority to do so but suggested that Plaintiff's counsel seek a waiver of service as set forth Fed. R. Civ. P. 4. Plaintiff's counsel refused to request a waiver of service in accordance with the

court rules, electing, instead to file a motion to extend the summons in this matter (Doc. 5), which was granted by the Court.

On August 31, 2017, Plaintiff's counsel appeared in defense counsel's physical office in Saline, Michigan to take the deposition of Defendant's 30(b)(6) representative, Jacqueline Garofalo, in an unrelated matter. Ms. Garofalo serves as the Vice President of Collections and General Counsel for Defendant. At the conclusion of the deposition, defense counsel exited the conference room to momentarily confer with her paralegal. Upon returning to the room, Mr. Schwartz handed defense counsel a stack of documents fastened together with a binder clip. Defense counsel, assuming the documents were exhibits, took the documents from Mr. Schwartz upon which he remarked that Defendant had now been "served." Mr. Schwartz did not address Ms. Garofalo or attempt to hand her the stack of documents at any time during this exchange, nor did he announce to anyone in the room what was contained in the stack of papers that he handed to defense counsel.

Undersigned counsel indicated that she was not authorized to accept service of process on behalf of Defendant and Plaintiff needed to effectuate proper service on Defendant, obtain an order for alternate service or request a waiver of service as previously discussed with Plaintiff's counsel. Moments later, Mr. Schwartz gathered his belongings and left the office.

Defense counsel placed the stack of papers on the conference room table and left the office with Ms. Garofalo to travel to a settlement conference with Magistrate Judge Grand (which was also attended by Mr. Schwartz). The stack of papers was not handled, reviewed by or transmitted to Ms. Garofalo at any time. Defense counsel e-mailed Mr. Schwartz later that day to memorialize the earlier exchange and reiterate defense counsel's position that Mr. Schwartz's attempted service of such papers on defense counsel was improper.

## RELEVANT LAW

Federal Rule of Civil Procedure 4 sets forth the rules for service of process on a limited liability company (LLC) in subsection (h). Service can be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, service may also be accomplished "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(h)(1)(A); *See also Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623-25 (6th Cir. 2004).

"Michigan court rules do not expressly address the proper manner of service on an LLC." *Smith v. Trojan, LLC,* No. 252244, 2005 WL 839499, at *1 (Mich. Ct.

App. April 12, 2005) (unpublished) (permitting service on an LLC pursuant to Mich. Ct. R. 2.105(H)(1), which permits service on an agent authorized by law to accept service of process); *Western America Properties, Inc. v. Excel Escrow Services,* LLC, No. 10–14207, 2011 WL 116904, at *1 (E.D. Mich. Jan.13, 2011) (applying the service rule for unincorporated voluntary associations to an LLC and noting that "[s]ervice on a limited liability company can be made by serving a summons and a copy of the complaint on a member, officer, director, trustee, agent, or other person in charge, and sending a summons and a copy of the complaint by registered mail, addressed to an office of the association") (citing Mich. Ct. R. 2.105(E)); *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2011 WL 3163242, at *4 (E.D. Mich. July 27, 2011) (applying the service rule for unincorporated voluntary associations to an LLC noting that "[u]nder Michigan law, service on a partnership association [Pathway Financial LLC] may be achieved by serving a person in charge of the office *and* mailing a copy of the summons and complaint to the business office") (citing Mich. Ct. R. 2.105(E)) (emphasis in original).

Additionally, Michigan's Limited Liability Act provides that: "The resident agent appointed by a limited liability company is an agent of the company upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served.... If a limited liability company fails to appoint or

maintain an agent for service of process, or the agent for service of process cannot be found through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator a summons and copy of the complaint." Mich. Comp. Laws § 450.4207(2), (4).

Here, Plaintiff has not complied with the procedures for effecting service on a limited liability company pursuant to Fed. R. Civ. P. 4 (h)(1)(A) or (B). Despite this noncompliance, Plaintiff nevertheless asserts that Plaintiff counsel's hand delivery of a stack of documents on defense counsel is somehow adequate under the rules. However, because defense counsel was not authorized to accept service on behalf of Defendant – which Plaintiff has not and cannot dispute – it is clear that Plaintiff has not effectuated purported service on Defendant and thus the Court should quash service and strike the corresponding return of service from the docket.

The "authority to accept process need not be explicit, [but] it must either be express or implied from the type of relationship between defendant and the alleged agent." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, at 84–85 (2d ed. 1987). Every federal circuit that considered this issue has determined that a defendant's attorney "will not be deemed an agent appointed to receive process," absent the submission of facts by the plaintiff that plainly show the defendant had a contrary intent. *Id*. at 85–86; see also *United States v. Ziegler Bolt & Parts Co*., 111 F.3d 878, 881 (Fed. Cir. 1997) ("Even where an attorney exercises

broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective . . . ."); *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) ("The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process . . . ."). Such facts are not present in this case.

Simply put, Plaintiff's attempted service of process of a bundle of documents on defense counsel does not, absent authorization, qualify as delivery of "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Nor does it constitute service of a copy of the summons and complaint "on a member, officer, director, trustee, agent, or other person in charge …" or "a person in charge of the office" under state law. Fed. R. Civ. P. 4(h)(1)(A). Consequently, Plaintiff has failed to properly serve Defendant.

## RELIEF

In light of the foregoing, Defendant EquityExperts.Org, LLC respectfully requests that this Court enter an order quashing service of process, striking from the record the Amended Certificate of Service filed by Plaintiff (Doc. 7), and holding any purported responsive pleading deadline in abeyance until further order of the Court.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**BROCK & SCOTT, PLLC**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
charity.olson@brockandscott.com

Dated: September 21, 2017

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on September 21, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)
**BROCK & SCOTT, PLLC**
