UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD POST,
    Plaintiff,

v.

    Case No. 2:17-cv-11613
    Hon. Denise Page Hood
    Mag. Judge: Anthony P. Patti

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(5)

NOW COMES the Plaintiff, RICHARD POST, by and through his counsel, and for his Response to Defendant's Motion to Quash Service or, in the Alternative, to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(5) states as follows:

Plaintiff relies upon the accompanying brief in support of his response.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendant's motion in its entirety.

    Respectfully submitted,

Dated: October 5, 2017    /s/ Carl Schwartz
    CARL SCHWARTZ (P-70335)
    CREDIT REPAIR LAWYERS OF AMERICA
    Attorneys for Plaintiff
    22142 West Nine Mile Road
    Southfield, MI 48033
    (248) 353-2882
    Fax (248) 353-4840
    Email – carl@crlam.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD POST,
    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,
    Defendant.

Case No. 2:17-cv-11613
Hon. Denise Page Hood
Mag. Judge: Anthony P. Patti

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SERVICE OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(5)**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................2

ISSUES PRESENTED...................................................................................3

INDEX OF AUTHORITIES............................................................................4

INTRODUCTION ..........................................................................................5

STATEMENT OF FACTS ..............................................................................5

STANDARD OF REVIEW .............................................................................8

LAW & ARGUMENT....................................................................................9

    1.    Plaintiff served Ms. Galofaro on behalf of Defendant..........................9

    2.    Defendant's version of the facts is false and illogical ........................10

CONCLUSION.............................................................................................12

## ISSUES PRESENTED

Whether Plaintiff properly served process upon Defendant.

# MOST APPROPRIATE AUTHORITIES

## Cases

*Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014)

## Rules

Fed. R. Civ. P. 4(h)(1)(B)

## INTRODUCTION

Defendant argues that service made upon Defendant's attorney is not proper service under the Federal Rules of Civil Procedure. Plaintiff agrees, but Plaintiff did not serve Defendant's attorney. Rather, as stated in the proof of service filed with this Court, Plaintiff served Defendant's Vice President, who may accept service of process on behalf of Defendant pursuant to Fed. R. Civ. P. 4(h)(1)(B). Therefore, Plaintiff properly served process upon Defendant and Defendant's motion should be denied.

## STATEMENT OF FACTS

On May 19, 2017, Plaintiff filed the complaint for the above-captioned matter and this Court issued a summons for Defendant. (Doc #1, 2.) Plaintiff filed a proof of service on June 5, 2017 for service of process upon Defendant (Doc #3). On or about July 31, 2017, Defendant's counsel, Charity Olson, informed Plaintiff's counsel that the service stated in the proof of service was not good service. (Doc #5-2, ¶ 7.)

Shortly thereafter, Plaintiff's counsel asked Ms. Olson if she would accept service of process for Defendant, but did not receive a definitive answer one way or the other prior to August 16, 2017. (Doc #5-2, ¶¶ 9-14.) As a result, on August 16, 2017, Plaintiff filed a motion to extend the summons. (Doc #5.) In the motion, Plaintiff's counsel detailed his request for Ms. Olson to accept service of process for

Defendant. (Doc #5, Pg ID 30; Doc #5-2, ¶¶ 9-14.) Subsequent to the filing of the motion to extend the summons and before August 31, 2017, Ms. Olson informed Plaintiff's counsel that she could not accept service of process on behalf of Defendant. (Exhibit 2, ¶ 2; Doc #8, Pg ID 43.) On September 14, 2017, this Court granted Plaintiff's motion to extend the summons via a text-only order. (Exhibit 3.)

On August 31, 2017, Plaintiff's counsel deposed Defendant in a conference room at Ms. Olson's office in an unrelated matter. (Exhibit 2, ¶¶ 3-4; Exhibit 4; Doc #8, Pg ID 44.) Jacqueline Galofaro testified on behalf of Defendant at the deposition and Ms. Olson represented Defendant as its counsel. (Exhibit 2, ¶¶ 3-5; Doc #8, Pg ID 44.) During the deposition, Plaintiff's counsel was seated at the middle of a long side of the conference table and Ms. Galofaro was seated directly across the conference table from Plaintiff's counsel, within arm's reach of Plaintiff's counsel. (Exhibit 2, ¶ 6.) At the deposition, Ms. Galofaro testified that she is Vice President and General Counsel for Defendant. (Exhibit 2, ¶ 7; Exhibit 4; Exhibit 8, Pg ID 44.)

After the deposition concluded and Plaintiff's counsel was gathering his papers, Plaintiff's counsel realized that he had brought summonses and complaints for other actions against Defendant (including the instant action) to the deposition to serve upon Ms. Galofaro, but had not yet served them. (Exhibit 2, ¶ 8.) However, Ms. Olson had exited the conference room by the time Plaintiff's counsel realized this. (Exhibit 2, ¶ 9.) Knowing that Ms. Olson likely would represent Defendant in

6

those actions, Plaintiff's counsel waited for Ms. Olson to return before he served Ms. Galofaro with the summonses and complaints. (Exhibit 2, ¶ 10.)

When Ms. Olson returned to the conference room, Plaintiff's counsel stated that he brought several summonses and complaints against Defendant to the deposition to serve upon Ms. Galofaro, that he waited for Ms. Olson to return to the conference room before serving them upon Ms. Galofaro and that he was now serving the summonses and complaints upon Ms. Galofaro. (Exhibit 2, ¶ 11.) Ms. Olson immediately replied "She's not Michael Novak.[1]"  (Exhibit 2, ¶ 12.) Plaintiff's counsel replied that he understood, but that Ms. Galofaro testified that she is Vice President of Defendant and therefore she can accept service on behalf of Defendant. (Exhibit 2, ¶ 13.) Ms. Olson again stated "She's not Michael Novak." (Exhibit 2, ¶ 14.) Plaintiff's counsel then stated that service can be made on Ms. Galofaro and does not have to be made upon Defendant's resident agent. (Exhibit 2, ¶ 15.) Ms. Olson then stated that Plaintiff's counsel could leave the summonses and complaints if he wished (Plaintiff's counsel was still holding them), but that Defendant had not been served. (Exhibit 2, ¶ 16.) Plaintiff's counsel then replied that Defendant was being served and put the summons and complaints on the table between himself and Ms. Galofaro, who was still seated at the conference table and was within arm's reach of Plaintiff's counsel. (Exhibit 2, ¶ 17.) Plaintiff's counsel

---

[1] Michael Novak is Defendant's resident agent. (Doc #8, Pg ID 43.)

7

never handed the summonses and complaints to Ms. Olson and Ms. Olson knew that the documents were not exhibits, as Plaintiff's counsel clearly identified them as summonses and complaints upon her return to the conference room. (Exhibit 2, ¶¶ 18-19.)

On September 1, 2017, Plaintiff's counsel completed and filed a proof of service, which accurately stated that Plaintiff's counsel served Ms. Galofaro (not Ms. Olson) on behalf of Defendant. (Doc #7.) On September 21, 2017, Defendant filed its motion to quash service and/or dismiss the complaint. (Doc #8.) Plaintiff hereby responds to that motion.

## STANDARD OF REVIEW

"The decision whether to dismiss a complaint for improper service is within the sound discretion of the court." *Vandiver v. Vasbinder*, No. 08-cv-10508, 2011 WL 7102338, at *2 (E.D. Mich. Oct. 26, 2011). "The party on whose behalf service of process was made has the burden of establishing its validity." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 562 (E.D. Mich. 2006). However, "[w]hen the gravamen of defendant's motion is insufficiency of process, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (citation omitted).

## LAW & ARGUMENT

Defendant argues that Plaintiff's service was improper because Plaintiff served Defendant's counsel, who was not authorized to accept service on behalf of Defendant. However, Defendant's argument fails because Plaintiff served Ms. Galofaro, Defendant's Vice President. Ms. Galofaro may accept service of process on behalf of Defendant pursuant to Fed. R. Civ. P. 4(h)(1)(B). Therefore, Plaintiff properly served Defendant and Defendant's motion should be denied.

1. **Plaintiff served Ms. Galofaro on behalf of Defendant.**

Defendant's argument fails because Plaintiff served Defendant's Vice President, not Defendant's counsel. "If the defendant is a corporation or a partnership or other unincorporated association, the summons may be delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1)(B)." *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014).

Here, Plaintiff's counsel properly served process upon Defendant by serving Ms. Galofaro, Defendant's Vice President. As Vice President and General Counsel of Defendant, Ms. Galofaro is an officer and/or managing agent of Defendant. Plaintiff's counsel announced to Ms. Olson and Ms. Galofaro (who was seated only a few feet away from Plaintiff's counsel) that he was serving the summonses and complaints to Ms. Galofaro and placed the summonses and complaints upon the

9

conference room table between himself and Ms. Galofaro. (Exhibit 2, ¶ 17.) Furthermore, Plaintiff's proof of service reflects that he served Ms. Galofaro, not Ms. Olson. (Doc #7.) Therefore, pursuant to Fed. R. Civ. P. 4(h)(1)B), Plaintiff properly served Defendant with the summons and complaint for the instant action.

### 2. **Defendant's version of the facts is both false and illogical.**

In addition, Defendant's claim that Plaintiff attempted to serve Defendant's counsel at the deposition is both false and illogical.

Plaintiff's counsel filed a motion to extend the summons on August 16, 2017 because Plaintiff had not been able to serve Defendant and Defendant's counsel had yet to inform Plaintiff's counsel whether she could accept service of process on behalf of Defendant. (Doc #5; Doc #5-2.) Furthermore, the parties agree that, prior to the August 31, 2017 deposition, Ms. Olson informed Plaintiff's counsel that she could not accept service of process on behalf of Defendant. (Exhibit 2, ¶ 2; Doc #8, Pg ID 43.)

Given that it is undisputed that Plaintiff's counsel: (1) asked Ms. Olson, prior to filing the motion to extend the summons, whether she would accept service on behalf of Defendant; (2) did not attempt to serve Ms. Olson before she responded to Plaintiff's counsel's; and (3) received a response from Ms. Olson before the August 31, 2017 deposition that she could not accept service for Defendant, it is illogical

10

(and untrue) for Defendant to assert that Plaintiff's counsel then attempted to serve Ms. Olson at the deposition on August 31, 2017.

Had Plaintiff decided to try to serve Ms. Olson on behalf of Defendant, Plaintiff could have and would have done so at any time between July 31, 2017 (when Ms. Olson informed Plaintiff's counsel that the attempted service upon the resident agent was improper) and August 16, 2017 (before Plaintiff filed the motion to extend the summons). Plaintiff had ample time to try to serve Ms. Olson before the original expiration date of the summons if he wished, but Plaintiff's counsel instead asked Ms. Olson whether she could accept service, waited for an answer, and then filed a motion to extend the summons. (Doc #5, Pg ID 30; Doc # 5-2, ¶¶ 9-14; Doc #8, Pg ID 43.) Had Plaintiff sought to serve the summons and complaint upon Ms. Olson, he would have done so before the summons was originally scheduled to expire.

Nonetheless, Defendant claims that after waiting for a response from Ms. Olson as to whether she could accept service, then filing the motion to extend the summons after not receiving a response, and then receiving a response that she could not accept service, Plaintiff's counsel disregarded all of the foregoing and attempted to serve Ms. Olson at the deposition. Not only is it illogical that Plaintiff's counsel would serve Ms. Olson at the deposition following everything that occurred prior to then and after finally receiving a response that she could not accept service, but at

11

the deposition Plaintiff's counsel could simply serve Ms. Galofaro (which he did and which is why service was made at the deposition).

Moreover, in response to Plaintiff's counsel serving Ms. Galofaro, Ms. Olson twice stated "She's not Michael Novak." (Exhibit 2, ¶¶ 12, 14.) If Plaintiff's counsel attempted to serve Ms. Olson as Defendant claims, there would be no reason for Ms. Olson to state "She's not Michael Novak." Rather, Ms. Olson stated that Ms. Galofaro was not Michael Novak in support of her argument at the deposition (which does not appear in the motion to quash) that service needed to be made upon Michael Novak, Defendant's resident agent, and that Ms. Galofaro was not the resident agent. However, as discussed above, service upon Ms. Galofaro, Defendant's Vice President, was proper pursuant to Fed. R. Civ. P. 4(h)(1)(B).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court to deny Defendant's motion in its entirety.

Respectfully submitted,

Dated: October 5, 2017  /s/ Carl Schwartz
CARL SCHWARTZ (P-70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – carl@crlam.com

## Proof of Service

  I, Carl Schwartz, hereby state that on October 5, 2017, I served a copy of the within pleading upon all counsel and parties as their addresses appear of record through the court's CM/ECF system.

/s/ Carl Schwartz